Steven James Goodhue (#029288)
Law Offices of Steven James Goodhue
9375 East Shea Blvd., Suite 100
Scottsdale, AZ  85260
Telephone: (480) 214-9500
Facsimile: (480) 214-9501
E-Mail: sjg@sjgoodlaw.com

*Attorney for Plaintiff*
*AF Holdings, L.L.C.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

AF HOLDINGS, L.L.C., a St. Kitts and Nevis limited liability company,

Plaintiff,

v.

CHRISTOPHER HEGGUM,

Defendant.

**CASE NO.: 2:12-CV-02130-PHX-SRB**

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE (EFC NO. 11)**

Plaintiff AF Holdings, L.L.C. ("Plaintiff"), through its undersigned counsel, hereby responds to this Court's Order of January 10, 2013 (ECF No. 11) to show cause why this matter should not be dismissed for failure to serve the Defendant, Christopher Heggum within the time prescribed by Rule 4(m), as follows:

## I.    LEGAL STANDARD

Rule 4(m) requires a court to extend a plaintiff's time for serving the complaint if plaintiff can establish good cause.  *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). Absent a showing of good cause, Rule 4(m) permits a court to exercise its discretion to extend the time for service. Plaintiff can establish good cause and the history of this case weighs in favor of the Court exercising its discretion to extend the time for service.

1

## II.   BACKGROUND

Plaintiff filed its complaint on October 9, 2012 against Defendant. (ECF No. 1.) The Summons against Defendant was issued on October 9, 2012. (ECF No. 5.)  On October 19, 2012, the case was assigned to the Honorable Susan R. Bolton.  On January 10, 2013, Judge Bolton ordered the Plaintiff to show cause for the failure to timely serve the Defendant. (ECF No. 11.)

## III.   GOOD CAUSE

"When considering [whether] … to dismiss a complaint for untimely service, courts must determine whether good cause for the delay has been shown on a case by case basis." *In re Sheehan*, 253 F.3d at 512.   The Ninth Circuit has recognized that, "at a minimum, good cause means excusable neglect." *Id.* (citation omitted.) In *Boudette v. Barnette*, the Ninth Circuit added that "[a] plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991) (citing *Hart v. United States*, 817 F.2d 78, 80-81 (9th Cir. 1987)).

Good cause exists because despite attempts to serve the Defendant on five (5) separate occasions, Plaintiff's process server was unable to serve him.  Plaintiff believes that the Defendant is deliberately avoiding service, so Plaintiff has hired a new process server to attempt to effectuate service; but if those efforts fail, Plaintiff will file a motion for serve the Defendant by alternative means.   .   The Declaration of Steven James Goodhue, Attorney for Plaintiff is attached hereto as Exhibit A.

The "excusable neglect" standard would appear to be readily satisfied.   As shown above, Plaintiff has demonstrated that it acted swiftly to serve the Defendant and inform him of the claims against him. Furthermore, Plaintiff has shown that it made consistent, good faith effort to serve the Defendant.

## IV.   DISCRETION

Even if the Court concludes that Plaintiff does not have good cause, it should nevertheless exercise its discretion to extend time for service, to allow Plaintiff to continue with its efforts to

serve the Defendant with the new process server.  These factors weigh heavily in favor of the Court exercising its discretion to extend the time for saving the complaint.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court extend Plaintiff's time for service of the complaint.

Dated this 6th day of February, 2013

Law Offices of Steven James Goodhue

By:  /s/ Steven James Goodhue
Steven James Goodhue (#029288)
9375 East Shea Blvd., Suite 100
Scottsdale, AZ  85260
*Attorney for Plaintiff*
*AF Holdings, L.L.C.*

I hereby certify that on February 6, 2013, I electronically filed the foregoing with the Clerk of the Court for filing and uploading to the CM-ECF system which will send notifications of such filing to all parties of record.

/s/ Steven James Goodhue